ANDREW R. HADEN
Acting United States Attorney
ADAM GORDON
California Bar No. 261386
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel.: 619-546-6720
adam.gordon@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALEJANDRO SALINAS (2),<br>Defendant. | Case No. 23-CR-618-JO<br><br>**JOINT MOTION FOR PROTECTIVE ORDER** |

The parties, Plaintiff United States of America, by and through its counsel Andrew R. Haden, Acting United States Attorney, and Adam Gordon, Assistant U.S. Attorney, and the above-captioned defendant, through their attorney, hereby jointly move pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure for this Court to enter a Protective Order pertaining to pretrial discovery, and to prevent premature disclosure of evidence to other targets, subjects, and witnesses of ongoing investigation. The parties jointly agree to the following:

(1) That the defendant, defense counsel of record in this case, and defense counsel's assistants, as hereafter defined, shall not disclose the substance of any discovery material

received from the United States in this case to any third party, unless such material is already a matter of public record, without prior approval of this Court.

(2) That defense counsel may review discovery materials with defendant, but may not provide a copy of discovery materials, or leave a copy of any discovery materials with any defendant.

(3) That any discovery materials produced by the United States to counsel for defendant may not be copied and further disseminated in any way by defense counsel to any person other than investigators, interpreters, experts, paralegals, legal assistants, and/or law clerks assisting defense counsel in this case.

(4) Nothing contained herein shall prevent the United States or defense counsel from disclosing such discovery material to any other attorneys working for the United States, government agents (federal, state or local), investigators, experts, secretaries, law clerks, paralegals, or any other person who is working for the United States or defendant and their counsel (collectively, "assistants") in the investigation or preparation of this case or, with respect to the United States and its assistants only, in other criminal investigations, without prior court order.

(5) Further, nothing contained herein shall preclude the United States, defendant or counsel, or their respective assistants from conducting a normal investigation of the facts of this case on behalf of the United States or defendant, or with respect to the United States and its assistants only, from conducting an investigation of other criminal activity, including interviewing witnesses disclosed by discovery materials, or from taking statements from witnesses disclosed by discovery materials, or from asking witnesses if they themselves have made prior statements to the United States that are disclosed in the discovery materials, and about the contents of such statements. In connection with any such investigation, it shall not be necessary that the United States, defendant or their counsel, or their respective assistants, obtain prior permission of the Court.

(6) Should counsel withdraw or be disqualified from participation in this case, any material received and any copies derived therefrom, shall be returned to the United States within ten days or, if agreed to by the parties, to replacement counsel.

(7) Defense counsel and the United States shall be required to communicate the substance of this order and explain it to clients and assistants before disclosing the substance of the discovery to client or assistants.

Respectfully Submitted,

ANDREW R. HADEN
Acting United States Attorney

DATED: March 4, 2025

*/s/ Adam Gordon*
ADAM GORDON
Assistant U.S. Attorney

DATED: March 4, 2025

*/s/ Isaac Blumberg*
ISAAC BLUMBERG
Counsel for Defendant Alejandro Salinas